IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



CLEMENTINE COOPER,

    Plaintiff,

-VS-

CASE NO.: 3:13CV484 CWR-LRA

GENERAL REVENUE CORPORATION,

**JURY TRIAL DEMANDED**

    Defendant.

_____/

## COMPLAINT

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and its intentional infliction of emotional distress upon the Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4. Plaintiff, CLEMENTINE COOPER, is a natural person over the age of 18 who resides in the City of Jackson, County of Hinds, State of Mississippi, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, GENERAL REVENUE CORPORATION (hereinafter "GRC") is a collection agency operating from an address of 11501 Northlake Dr., Cincinnati, OH 45249, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTS COMMON TO ALL COUNTS

6.      Plaintiff is a disabled 65 year old woman who attended Jackson State University, in Mississippi and graduated in 1970.

7.      Plaintiff, as of 1987, had paid off all of her student loans from when she was in college over forty (40) years ago.

8.      For the last fifteen years (15), Jackson State University has occasionally sent alleged delinquent student loans to collection, however after being informed that the debt is invalid, cease collections.

9.      On or about December 2011, Plaintiff began receiving collection calls from GRC.

10.     GRC would call Plaintiff multiple times a day, whenever Plaintiff spoke to an agent of GRC said agent would demand that Plaintiff provide her social security number before any information as divulged. Plaintiff would inform GRC'S agents that she does not disclose her social security number over the phone to a stranger, whereupon GRC'S agent stated that until she supplied her social security number and other person information, GRC would not give her details of the debt they were collecting.

11.     Growing weary of the constant calls, one night Plaintiff gave in and supplied GRC'S agent with her social security number and other details requested over the phone. It was thereupon when GRC'S agent informed Plaintiff that GRC was collecting on a past due student loan.

12.     Plaintiff explained to GRC'S agent that she has been out of college for over forty (40) years, that her loans were paid off long ago, that Plaintiff is sick and disabled and to please stop calling her.

13. GRC'S agent instructed Plaintiff that GRC doesn't care how long Plaintiff had been out of school as Plaintiff needed to pay off her student loan now.

14. Upset at the rudeness of the call, Plaintiff began to cry and hung up on GRC'S agent, whereupon GRC'S agent immediately called Plaintiff back which Plaintiff instantly hung up on again, only to have GRC'S agent yet again immediately call back again prompting Plaintiff to unplug her phone.

15. Upon receiving the collection calls, Plaintiff has the Jackson State University provided proof from the Department of Education that her loans are paid off; whereupon Jackson State University claims that they erased the debt in their system.

16. Going to Jackson State University did nothing as, despite their claims the debt was being removed from its system, GRC continued its unending bombardment of harassing calls towards Plaintiff.

17. By August 2012, seeing no end in sight to GRC'S daily onslaught of calls, Plaintiff had her phone turned off and moved out of her house to live with her children.

18. Due to such a high call volume from GRC, Plaintiff was not able to document and catalogue every call she received from GRC, however the below paragraphs are a mere sample of the numerous calls from GRC.

19. On February 1, 2012, Plaintiff received four (4) telephone calls from GRC at 8:00 a.m., 1:00 p.m., 3:15 p.m., and 7:45 p.m.

20. On February 2, 2012, Plaintiff received four (4) telephone calls from GRC at 7:45 a.m., 12:15 p.m., 5:30 p.m., and 8:15 p.m.

21. On February 3, 2012, Plaintiff received four (4) telephone calls from GRC at 8:45 a.m., 1:00 p.m., 6:45 p.m. and 8:30 p.m.

22. On February 4, 2012, Plaintiff received three (3) telephone calls from GRC at 9:18 a.m., 12:30 p.m. and 7:00 p.m.

23. On February 6, 2012, Plaintiff received four (4) telephone calls from GRC at 8:45 a.m., 12:30 p.m., 5:00 p.m. and 8:25 p.m.

24. On February 7, 2012, Plaintiff received four (4) telephone calls from GRC at 7:30 a.m., 1:45 p.m., 4:30 p.m. and 7:15 p.m.

25. On February 8, 2012, Plaintiff received three (3) telephone calls from GRC at 7:44 a.m., 12:30 p.m., and 8:00 p.m.

26. On February 9, 2012, Plaintiff received three (3) telephone calls from GRC at 8:00 a.m., 1:45 p.m. and 7:15 p.m.

27. On February 10, 2012, Plaintiff received four (4) telephone calls from GRC at 7:35 p.m., 12:00 p.m., 4:15 p.m. and 7:45 p.m.

28. On February 11, 2012, Plaintiff received four (4) telephone calls from GRC at 7:00 a.m., 11:00 a.m., 1:00 p.m. and 8:00 p.m.

29. On February 13, 2012, Plaintiff received three (3) telephone calls from GRC at 8:00 a.m., 4:50 p.m. and 7:00 p.m.

30. On February 14, 2012, Plaintiff received four (4) telephone calls from GRC at 7:45 a.m., 11:30 a.m., 5:45 p.m. and 7:30 p.m.

31. On February 15, 2012, Plaintiff received four (4) telephone calls from GRC at 7:45 a.m., 12:45 p.m., 1:30 p.m. and 7:30 p.m.

32. On February 16, 2012, Plaintiff received four (4) telephone calls from GRC at 8:35 a.m., 11:45 a.m., 1:25 p.m. and 7:15 p.m.

33. On February 17, 2012, Plaintiff received three (3) telephone calls from GRC at 7:30 a.m., 9:18 a.m. and 7:41 p.m.

34. On February 18, 2012, Plaintiff received three (3) telephone calls from GRC at 8:59 a.m., 11:45 a.m. and 8:00 p.m.

35. On February 20, 2012, Plaintiff received four (4) telephone calls from GRC at 7:45 a.m., 11:45 a.m., 4:15 a.m. and 7:45 p.m.

36. On February 21, 2012, Plaintiff received four (4) telephone calls from GRC at 8:45 a.m., 9:18 a.m., 1:45 p.m. and 7:15 p.m.

37. On February 22, 2012, Plaintiff received three (3) telephone calls from GRC at 7:45 a.m., 11:30 a.m. and 7:30 p.m.

38. On February 23, 2012, Plaintiff received four (4) telephone calls from GRC at 8:00 a.m., 11:45 a.m., 1:25 p.m. and 7:15 p.m.

39. On February 24, 2012, Plaintiff received three (3) telephone calls from GRC at 7:15 a.m., 11:30 a.m., and 7:45 p.m.

40. On February 25, 2012, Plaintiff received four (4) telephone calls from GRC at 8:45 a.m., 1:30 p.m., 5:30 p.m. and 7:15 p.m.

41. On February 27, 2012, Plaintiff received four (4) telephone calls from GRC at 8:45 a.m., 11:15 a.m., 5:45 p.m. and 7:15 p.m.

42. On February 28, 2012, Plaintiff received four (4) telephone calls from GRC at 8:00 a.m., 1:45 p.m., 4:50 p.m. and 7:45 p.m.

43. On February 29, 2012, Plaintiff received four (4) telephone calls from GRC at 7:15 a.m., 11:45 a.m., 5:30 p.m. and 7:15 p.m.

44. Plaintiff is an elderly sixty-five (65) year old woman who suffers from high blood pressure, severe osteoarthritis, hypertension, and diabetes.

45. The constant and harassing phone calls from GRC caused Plaintiff to suffer tremendous amounts of undue stress resulting in Plaintiff's blood pressure to rise, loss of hair, and needing to take anti-anxiety medication.

46. Plaintiff's damages pursuant to Florida Statutes including § 559.77 have continued and are continuing as of the filing of this complaint.

47. All conditions precedent to the filing of this action have occurred.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FDCPA

### 15 U.S.C. § 1692 et seq.

48. Plaintiff incorporates by reference, the above one (1) through forty-seven (47) paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and everyone one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

(a) The Defendant violated 15 U.S.C. § 1692d by committing actions against the Plaintiff in which the consequences result in the Plaintiff feeling harassed and abused.

(b) The Defendant violated 15 U.S.C. § 1692d(5) by continually causing the Plaintiff's phone to ring.

(c) The Defendant violated 15 U.S.C. § 1692e(2) by claiming that they were attempting to collect a valid debt when it was not.

(d) The Defendant violated 15 U.S.C. § 1692e(10) by utilizing false and deceptive means in an attempt to collect a debt by stating that the debt was legitimate and that Plaintiff must disclose her social security number in order to be spoken to.

(e)   The Defendant violated 15 U.S.C. § 1692f by utilizing unfair and unconscionable means to collect a debt from the Plaintiff when she was not responsible for the debt.

50.   As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant and moves this Honorable Court for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for the Plaintiff; for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692(a)(2)(A) against the Defendant and for the Plaintiff; for an award of costs of litigation and reasonably attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for the Plaintiff, an award of punitive damages against the Defendant and for the Plaintiff, and any other such relief this Honorable Court may deem just and proper in the spirit of justice.

## COUNT II

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

51.   Plaintiff incorporates by reference, the above one (1) through forty-seven (47) paragraphs of this Complaint as though fully stated herein.

52.   GRC'S actions were, reckless, outrageous, intentional, deliberate, malicious, beyond all bounds of decency, odious and utterly intolerable in a civilized society.

53.   Such conduct is the type of conduct which would cause the average person to exclaim "outrageous!"

54.   As a direct and proximate result of GRC'S conduct Plaintiff suffered severe emotional

7

distress and mental anguish.

55. Plaintiff's emotional distress is severe and ongoing.

WHEREFORE, Plaintiff respectfully demands a trial by jury of all issues so triable and judgment against Defendant GRC for actual damage, enjoinder from similar conduct, costs, interest, and any such other relief this Honorable Court deems appropriate in the spirit of Justice.

Dated, this the 6th day of August, 2013.

Respectfully submitted,

Christopher H. Neyland, Esquire
Morgan & Morgan, P.A.
188 E. Capitol St. Ste 777
Jackson, MS 39201-2129
Tele: (601) 718-0929
Fax: (601) 949-3399
Mississippi Bar #: 99216
Attorney for Plaintiff
cneyland@forthepeople.com